Superior Court
of the
State of Delaware

Jan R. Jurden
*President Judge*

Leonard L. Williams Justice Center
500 North King Street, Suite 10400
Wilmington, Delaware 19801-3733
Telephone (302) 255-0665

April 12, 2021

Brian Livingston
SBI# 00741658
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE:  **State v. Brian Livingston, ID No. 1601011422**

Dear Mr. Livingston:

The Court has received your Motion for Modification of Sentence for an Offense Committed as a Juvenile dated January 25, 2021.[1]  In your Motion, you seek to invoke Superior Court Criminal Rule 35A.[2]  For the reasons discussed below, the Court finds that you are ineligible to file a motion pursuant to Rule 35A.

To begin, Rule 35A

governs the procedure on an application by a person in custody under a sentence of this court imposed for an offense that was committed before the person had reached his or her eighteenth birthday seeking exercise of the court's retained jurisdiction to modify that sentence pursuant to 11 *Del. C.* § 4204A.[3]

The application must be made "by a motion for sentence modification."[4]  But that motion "may not be filed until the time-served eligibility requirements set forth in

---

[1] D.I. 17.

[2] *Id.*

[3] Del. Super. Ct. R. Crim. P. 35A(a)(1).

[4] Del. Super. Ct. R. Crim. P. 35A(b)(1).

11 *Del. C.* § 4204A are met."[5]  The time-served eligibility requirements appear in § 4204A(d)(1) and (2):

> (1) Notwithstanding any provision of this title to the contrary, any offender sentenced to an aggregate term of incarceration in excess of 20 years for any offense or offenses other than murder first degree that were committed prior to the offender's eighteenth birthday shall be eligible to petition the Superior Court for sentence modification *after the offender has served 20 years of the originally imposed Level V sentence.*

> (2) Notwithstanding any provision of this title to the contrary, any offender sentenced to a term of incarceration for murder first degree when said offense was committed prior to the offender's eighteenth birthday shall be eligible to petition the Superior Court for sentence modification *after the offender has served 30 years of the originally imposed Level V sentence.*[6]

Section 4204A(d)(1) applies in your case.  You were sentenced for the offenses of Manslaughter, Second-Degree Robbery, and Second-Degree Conspiracy; you were 17 years old when you committed those offenses; and you were sentenced to an aggregate term of incarceration of 32 years.[7]  You have not served 20 years of the originally imposed Level V sentence.[8]  In fact, you might never serve 20 years of Level V time because the unsuspended portion of your Level V time is 12 years.[9]

Because you have not met "the time-served eligibility requirements set forth in 11 *Del. C.* § 4204A," you may not file a motion for modification of sentence pursuant to Rule 35A.[10]  Accordingly, your Motion is **DENIED**.[11]

**IT IS SO ORDERED.**

---

[5] Del. Super. Ct. R. Crim. P. 35A(b)(4).

[6] 11 *Del. C.* § 4204A(d)(1)–(2) (emphasis added).

[7] D.I. 11.

[8] *See id.* (noting that your sentence took effect on January 17, 2016).

[9] *See id.*

[10] Del. Super. Ct. R. Crim. P. 35A(b)(4).

[11] Note, however, that this decision does not preclude your seeking an application for good cause shown pursuant to 11 *Del. C.* § 4217.  Del. Super. Ct. R. Crim. P. 35A(a)(2).

Very truly yours,

/s/Jan R. Jurden

Jan R. Jurden, President Judge


JRJ:mls
cc:     Prothonotary
        Brian J. Robertson, DAG